IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Roberto Trevino Mendoza, | ) | Case No. 0:25-cv-06839-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's motion to dismiss the Complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure. [Doc. 32.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Paige J. Gossett for pre-trial proceedings.

On March 30, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the Court grant Defendant's motion to dismiss because the Court lacks jurisdiction under the Federal Tort Claims Act ("FTCA"). [Doc. 50.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections and the serious consequences if they failed to do so. [*Id*. at 9.] Plaintiff filed objections to the Report on April 13, 2025. [Doc. 52.] For the reasons stated herein, the Court accepts the Report of the Magistrate Judge and incorporates it by reference, overrules Plaintiff's objections, and dismisses the Complaint with prejudice.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71

(1976).  The Court is charged with making a de novo determination of only those portions

of the Report that have been specifically objected to, and the Court may accept, reject,

or modify the Report, in whole or in part.  28 U.S.C. § 636(b)(1).  The Court will review

the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial*

*Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a

timely filed objection, a district court need not conduct a de novo review, but instead must

only satisfy itself that there is no clear error on the face of the record in order to accept

the recommendation" (internal quotation marks omitted)).

## **BACKGROUND**

The Magistrate Judge accurately summarized Plaintiff's allegations as follows:

> Plaintiff alleges that when he arrived at Federal Correctional Institution ("FCI") Edgefield in Edgefield, South Carolina, he informed staff that he could not be housed with any active gang members.  Despite this warning, Plaintiff was placed in the general population and immediately received threats.  Plaintiff was transferred to the special housing unit ("SHU") for his protection.  However, on May 2, 2023, an active gang member was placed in Plaintiff's cell and assaulted Plaintiff.  Plaintiff suffered serious injuries because of the assault, including a fractured skull.
>
> Plaintiff claims that the BOP's decision to house him with a known gang member, despite Plaintiff's warning, was negligent.  He seeks $150,000.

[Doc. 50 at 2.]

On January 8, 2026, Defendant filed a motion to dismiss the Complaint for lack of

subject matter jurisdiction.  [Doc. 32.]  Defendant argues that BOP's allegedly negligent

housing placement falls under the FTCA's discretionary function exception.  [*Id.* at 4–12.]

On January 22, 2026, Plaintiff filed a response.  [Doc. 36.]  Plaintiff argues that the

FTCA's discretionary function exception does not apply because "BOP had no discretion

2

to place [him] with active gang members after [he] successfully completed the Gang Disassociation Program" ("GDP"). [*Id.* at 1.] Alternatively, Plaintiff contends that he is entitled to discovery on the matter. [*Id.* at 2 ("The Court should order the productions of all the agency regulations, program statements, policy, memoranda, and post orders speaking to prisoners identified as completers of the GDP and/or gang drop-outs and/or gang inactive members etc.").]

On March 16, 2026, Defendant filed a reply. [Doc. 48.] Defendant submits evidence showing that "Plaintiff had not completed, or even entered, the BOP's [GDP] at the time of his alleged assault on May 2, 2023," and, as a result, no federal statute, regulation, or policy imposed mandatory duties upon Defendant regarding BOP's allegedly negligent housing placement. [*Id.* at 2.]

On March 30, 2026, the Magistrate Judge issued a Report recommending that the Court grant Defendant's motion to dismiss because Plaintiff's negligence claim is subject to the FTCA's discretionary function exception and the Court therefore lacks jurisdiction. [Doc. 50 at 5–6.] Further, the Magistrate Judge concluded that Plaintiff is not entitled to discovery. [*Id.* at 6–8.]

## DISCUSSION[1]

In his objections, Plaintiff argues that the Report "improperly relied on factual evidence concerning when [Plaintiff] disassociated." [Doc. 52; *see id.* ("The inquiry was not when [Plaintiff] completed the GDP[;] the inquiry was whether or not the BOP had regulations/policies in place for prisoners in protective custody that are in bad standing

---

[1] The Magistrate Judge accurately summarized the relevant legal standards and applicable law. [*See* Doc. 50 at 2–5.] Accordingly, the Court incorporates these portions of the Report and does not repeat them.

3

with an active prison gang.").]  The Court overrules Plaintiff's objections.  Plaintiff cannot overcome the discretionary function exception simply by showing that any regulation or policy existed at the time of his injury; rather, Plaintiff must show that the regulation or policy in question specifically dictated Defendant's conduct with respect to Plaintiff.  *See Bulger v. Hurwitz,* 62 F.4th 127, 145 (4th Cir. 2023) (concluding that the plaintiff failed to overcome the discretionary function exception and was not entitled to discovery where he merely "surmise[d], without basis, the existence of some unspecified mandatory policy or procedure that might have an *unexplained bearing on the case*") (emphasis added)).  Because Plaintiff was not a GDP graduate at the time of his alleged injury, the GDP's policies regarding housing placement for program graduates did not dictate Defendant's allegedly negligent conduct toward Plaintiff.  For the reasons articulated by the Magistrate Judge, Plaintiff has failed to meet his burden, and the Court concludes that Defendant's conduct was discretionary.  [*See* Doc. 50 at 5–6]; *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 857 (4th Cir. 2016) ("FTCA plaintiffs have the burden of showing that the discretionary function exception does not foreclose their claim."); *Rich v. United States,* 811 F.3d 140, 146 (4th Cir. 2015) ("Prison officials are afforded discretion in determining where to place inmates and whether to keep certain individuals or gangs separated from one another. Because these decisions invoke several policy considerations for prison administrators, they are precisely the kind of determinations that the discretionary function exception is intended to protect. We therefore hold that the discretionary function exception shields the prison officials from liability with respect to whether they should have separated [the plaintiff] from his attackers.").

Plaintiff makes no specific objections to the Magistrate Judge's conclusions regarding his entitlement to discovery. [*See* Doc. 52 ("Alternatively, for the reasons stated in [Plaintiff's] response, further discovery should be ordered for post orders/policies on protective custody etc.").] However, out of an abundance of caution for the pro se Plaintiff, the Court has conducted a de novo review of the Report, the record, and the applicable law with respect to this argument. Upon such review, the Court concludes that Plaintiff is not entitled to discovery for the reasons discussed by the Magistrate Judge. [*See* Doc. 50 at 6–8]; *Bulger*, 62 F.4th at 144 ("Because prisoner transfer and placement decisions necessarily implicate policy considerations, discovery would serve no proper purpose in this case.").

**CONCLUSION**

Based upon the foregoing, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Defendant's motion to dismiss [Doc. 32] is GRANTED, Plaintiff's objections are overruled, and this action is DISMISSED with prejudice.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

July 27, 2026
Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.